IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TREKINA R. ESTELL, <br><br> Plaintiff, <br><br> v. <br><br> SUIT SUPPLY (U.S.A.), INC., <br><br> Defendant. | Civil Action No. <br><br><br> JURY TRIAL DEMANDED |

**COMPLAINT FOR DAMAGES**

COMES NOW, Plaintiff Trekina Estell ("Plaintiff" or "Ms. Estell"), by and through undersigned counsel, and hereby files this Complaint for Damages, and shows the Court as follows:

### I. NATURE OF COMPLAINT

1.

Plaintiff brings this action for damages, liquidated damages, and reasonable attorney fees for Defendant's violation of her rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e ("Title VII"), and the Civil Rights Act of 1991, 42 U.S.C. § 1981, *et. seq.* ("Section 1981").

1

## II. ADMINISTRATIVE PROCEDURES

2.

Plaintiff has fulfilled all conditions necessary to proceed with this cause of action under Title VII.  Plaintiff filed her Charge of Discrimination against Suit Supply. The EEOC issued its Notice of Right to Sue on July 27, 2022.

3.

Plaintiff timely files this action within ninety (90) days of receipt of the Notice of Right to Sue from the EEOC.

## III. JURISDICTION AND VENUE

4.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331 and 1343, 42 U.S.C. § 1981, and 29 U.S.C. § 261(b).

5.

The unlawful employment practices alleged in this Complaint were committed within this district.  In accordance with 28 U.S.C. § 1391 and 42 U.S.C. §1981, venue is appropriate in this Court.

## IV. PARTIES

6.

Plaintiff is an African American woman.

7.

Plaintiff is a citizen of the United States of America and is subject to the jurisdiction of this Court.

8.

At all times relevant, Defendant was qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

9.

Defendant may be served with process by delivering a copy of the summons and complaint to its Registered Agent, Corporation Service Company, at 2 Sun Court, Suite 400, Peachtree Corners, Gwinnett County, GA 30092.

10.

Defendant is now and, at all times relevant hereto, has been a foreign profit corporation.

11.

During all times relevant hereto, Defendant has employed one hundred (100) or more employees for the requisite duration under Title VII.  Defendant is therefore covered under Title VII in accordance with 42 U.S.C. § 2000e(b).

V.        **FACTUAL ALLEGATIONS**

12.

Ms. Estell began working for Defendant on or about September 11, 2017.

13.

On or about April 2021, Ms. Estell began being scheduled to work with Elena Shkatova (Caucasian/Russian), a tailor.

14.

From the onset of being scheduled with Ms. Shkatova, Ms. Estell was being harassed based on her race.

15.

From April 2021 through her resignation from the company on March 14, 2022, Ms. Estell was subjected to a hostile work environment.

16.

Ms. Shkatova would make racial derogatory comments about Ms. Estell's textured hair by saying Ms. Estell "should get her hair tamed."

17.

More notable, Ms. Shkatova would initiate forceful contact with Ms. Estell while at work.

18.

Ms. Estell complained to her regional manager, Paolo Statalino, and to the Human Resources Department about the instances of aggression and racially motivated harassment, but Mr. Statlino refused to take any action.

19.

On or about September 29, 2021, after moving a chair to access a work-related machine, Ms. Shkatova became irate and forcefully hit Ms. Estell with the chair twice.

20.

The incident was witnessed by Ivor Edwards and David Reimens.

21.

After the incident, Ms. Estell filed a police report and made a complaint to the Human Resources Department, the regional Manager, Mr. Statalino, and the owner, Fokke De Jong.

22.

Ms. Estell notified the Human Resources Department, the regional Manager, Mr. Statalino, and the owner, Fokke De Jong of the assault and battery. In addition, Ms. Estell complained about the hostile work environment and racial discrimination she was experiencing.

23.

Ms. Estell requested that she not work the same shift or be on the premises with Ms. Shkatova.

24.

Ms. Estell's request was denied. Further, Plaintiff's complaint to HR about the hostile work environment as well as racial discrimination were completely ignored.

25.

Instead of HR investigating the matter, Ms. Estell was targeted. She faced constant threats of being terminated and other adverse actions.

26.

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text.

27.

Others outside of Ms. Estell's protected class were treated differently.

28.

During all this time, Ms. Estell was pregnant.

29.

Defendant knew that Ms. Shkatova was racist and was discriminating against Ms. Estell but did nothing.

30.

Defendant had other complaints surrounding Ms. Shkatova but did nothing.

## VI. CLAIMS FOR RELIEF COUNT I & COUNT II:  RACE DISCRIMINATION AND RETALIATION IN VIOLATION OF TITLE VII

31.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

32.

Title VII prohibits Defendant from discriminating against Plaintiff on the basis of race.

33.

Defendant violated Plaintiff's rights under Title VII by subjecting her to a hostile environment because of her race, which materially affected the terms and conditions of Plaintiff's employment.

34.

Defendant intentionally discriminated against Plaintiff on the basis of Plaintiff's gender, in violation of Title VII.

35.

Defendant treated Plaintiff differently than other employees outside of Plaintiff's protected race/gender class. Any alleged non-discriminatory reason given by Defendant for treating Plaintiff differently than employees outside of Plaintiff's protected class is pretext for unlawful discrimination.

36.

As a direct and proximate result of Defendant's actions and omissions, Plaintiff has suffered damages, including lost wages, emotional distress, humiliation and other indignities

37.

Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendant's actions toward Plaintiff were undertaken in bad faith.

38.

The acts and omissions of Defendant were willful, malicious and in reckless disregard of Plaintiff federally protected rights entitling Plaintiff to punitive damages.

39.

Defendant is liable for the damages caused by its discrimination against Plaintiff.

40.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

41.

Plaintiff is a member of a protected class, i.e., she is an African-American and black in color.

42.

Title VII prohibits Defendant from discriminating against Plaintiff on the basis of race.

43.

Defendant violated Plaintiff's rights under Title VII by subjecting her to a hostile environment because of her race, which materially affected the terms and conditions of Plaintiff's employment.

44.

The acts and omissions of Defendant were willful, malicious and in reckless disregard of Plaintiff federally protected rights entitling Plaintiff to punitive damages.

45.

Plaintiff engaged in protected conduct when he complained about race-based discrimination and harassment.

46.

Defendant subjected Plaintiff to adverse employment actions after Plaintiff engaged in protected conduct.

47.

There was a causal connection between the protected conduct and the adverse action.

48.

Plaintiff's complaints of and opposition to discriminatory conduct constitute protected activity under Title VII.

49.

Defendant subjected Plaintiff to adverse action (to wit, resignation, denied requests, etc.) because of her protected conduct. The adverse actions to which Plaintiff was subjected would dissuade a reasonable employee from making or supporting a charge of discrimination.

50.

As a direct and proximate result of Defendant's violations, Plaintiff has suffered economic and non-pecuniary damages.

51.

Defendant willfully and wantonly disregarded Plaintiff's rights, and its actions toward Plaintiff were undertaken in bad faith.

52.

Plaintiff is entitled to punitive damages, lost wages and benefits, compensatory damages, attorneys' fees and costs, prejudgment interest, reinstatement or front pay in lieu thereof, and any other relief available under the law.

## COUNT III & COUNT IV RACE DISCRIMINATION AND RETALIATION IN VIOLATION OF 42 U.S.C. § 1981

53.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

54.

Plaintiff is an African-American and black in color.

55.

Plaintiff had an employment agreement with Defendant within the meaning of 42 U.S.C. § 1981, under which, *inter alia*, Plaintiff worked for Defendant, and Defendant compensated Plaintiff for work.

56.

Plaintiff performed her contractual obligations.

57.

As a direct and proximate result of these actions, Plaintiff has been made a victim of acts that adversely affected her psychological and physical well-being.

58.

42 U.S.C. § 1981 prohibits Defendant from discriminating against Plaintiff on the basis of race with regard to the making and enforcing of her employment with Defendant.

59.

Defendant violated Plaintiff's rights under 42 U.S.C. § 1981.

60.

Plaintiff is a member of a protected class.

61.

Plaintiff was subjected to severe and pervasive racial harassment because of her race.

62.

The racial harassment was sufficiently severe and pervasive to alter the terms and conditions of employment and created a discriminatorily abusive working environment.

63.

Defendant is liable for the racial harassment of Plaintiff under a theory of vicarious or direct liability.

64.

Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

65.

As a direct and proximate result of Defendant's violations of 42 U.S.C. § 1981, Plaintiff has been made the victim of acts that have adversely affected her psychological and physical well-being.

66.

Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful discrimination.

67.

Defendant acted with malice and in reckless indifference to Plaintiff's federally protected rights. Plaintiff is entitled to punitive damages.

68.

Defendant intentionally discriminated against Plaintiff on the basis of Plaintiff's race and color in violation of 42 U.S.C. § 1981.

69.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

70.

Plaintiff is African-American and black in color.

71.

Plaintiff had an employment agreement with Defendant within the meaning of 42 U.S.C. § 1981, under which, *inter alia*, Plaintiff worked for Defendant, and Defendant compensated Plaintiff for work.

72.

Plaintiff performed her contractual obligations.

73.

Defendants violated Plaintiff's rights under 42 U.S.C. § 1981.

74.

Plaintiff is a member of a protected class.

75.

Plaintiff's complaints and opposition to discriminatory conduct constitute protected activity under 42 U.S.C. § 1981.

76.

Defendant subjected Plaintiff to adverse actions because of her protected conduct. The adverse action to which Plaintiff was subjected would dissuade a reasonable employee from making or supporting a charge of discrimination.

77.

There was a causal connection between the protected conduct and the adverse actions.

78.

As a direct and proximate result of Defendant's violations, Plaintiff has suffered economic and non-pecuniary damages.

79.

Defendant willfully and wantonly disregarded Plaintiff's rights, and its actions toward Plaintiff were undertaken in bad faith.

80.

Plaintiff is entitled to punitive damages, lost wages and benefits, compensatory damages, attorneys' fees and costs, prejudgment interest, front pay, and any other relief available under the law.

**WHEREFORE**, Plaintiff judgment as follows:

(a) General damages for mental and emotional suffering caused by Defendant's misconduct;

(b) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c) Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

(d) Reasonable attorney's fees and expenses of litigation;

(e) Trial by jury as to all issues;

(f) Prejudgment interest at the rate allowed by law;

(g) Declaratory relief to the effect that Defendant SUIT SUPPLY, has violated Plaintiff's statutory rights;

(h) Front pay, and prohibiting Defendant SUIT SUPPLY, from further unlawful conduct of the type described herein; and

(i) All other relief to which he may be entitled.

This 18th day of October 2022.

                                          Respectfully submitted,

**THE LAW OFFICE OF DOROTHY PAUL, LLC**

/s/ Dorothy Paul
DOROTHY PAUL
Georgia Bar No. 836822
*Attorney for Plaintiff*

384 Northyards Boulevard
Suite 190
Atlanta, GA 30313
O: (678) 667-2719
C: (678) 314-7526
F: (404) 902-5824
Email: dorothy@thedplawfirm.com